UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| YRVENS BAIN,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | Civil Action No. 3:22-cv-1018 (CSH)<br><br>**AUGUST 25, 2022** |

## **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**HAIGHT, Senior District Judge:**

On August 9, 2022, Petitioner Yrvens Bain filed a petition for writ of habeas corpus (Doc. 1) under 28 U.S.C. § 2241, in which he alleged that the Federal Bureau of Prisons failed to recalculate his credit for time served, as required by the First Step Act, P.L. 115-391. *See* Doc. 1 at 1–4. It appears that Petitioner has since been released from custody. This Order addresses the effect of Petitioner's release on his pending action.

According to the Bureau of Prisons, Petitioner was released from custody on August 10, 2022, one day after he filed this action. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (enter the name "Yrvens Bain"; then click "search"). The Court takes notice of Petitioner's release pursuant to *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the court may "take judicial notice of relevant matters of public record.") and observes that an envelope mailed by the Clerk of Court to Petitioner's address of record, at Danbury Federal Correctional Institution, was returned as undeliverable on August 22, 2022 "because Inmate is not [l]ocated at FCI Danbury[.]"

The sole relief Petitioner seeks is an order requiring the Bureau of Prisons "to manually recalculate his [earned time] credits" under the First Step Act, which would result in his release before his previously projected release date of October 8, 2022. *See* Doc. 1 at 4. Because this relief constitutes, in effect, Petitioner's release from custody, and he has since been released, his action is now moot.[1] The fact that Petitioner must now serve a period under supervised release does not confer jurisdiction on this Court, because a term of supervision may only be modified by the sentencing court—in this case, the U.S. District Court for the District of Massachusetts. *See* Doc. 1 at 9; *cf. Herndon v. Upton*, 985 F.3d 443, 447 (5th Cir. 2021) (finding habeas petition moot despite petitioner's status on supervised release because the district court where the petition was filed, unlike the sentencing court, "cannot offer [petitioner] any further relief.").

For the reasons discussed above, Bain's Petition for Writ of Habeas Corpus is therefore **DISMISSED AS MOOT**.

The Clerk of Court is respectfully directed to close the file and terminate these proceedings. The Court retains jurisdiction for the purpose of enforcing this order.

It is SO ORDERED.

Dated: August 25, 2022
New Haven, Connecticut

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[1] *Cf. United States v. Martin*, 974 F.3d 124, at 137–40 (2d Cir. 2020) ("The First Step Act does not authorize district courts to reduce sentences for covered offenses where those offenses have been fully served."); *Simon v. United States*, 70 F.3d 1252, at *1 (1st Cir. 1995) (finding petition for time credit moot where petitioner has since been released from prison); *Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555–56 (9th Cir. 1987) ("Fendler's habeas corpus petition is moot because Fendler has been released from custody and because he did not challenge the validity of the original conviction."); *Bailey v. Southerland*, 821 F.2d 277, 278–79 (5th Cir. 1987) ("The main thrust of Bailey's petition is to be released from his confinement. Because Bailey was released in April 1986, however, this court can no longer provide him with that relief.").